UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br><br>v.<br><br>DOLORES GARIBAY-ARROYO (2),<br><br>                                  Defendant. | Case No.:  24cr613-CAB<br><br>ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)<br>[Doc. Nos. 155, 164] |

    Before the Court is a motion by defendant Dolores Garibay-Arroyo for reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which provides authorization for a court to reduce a term of imprisonment for extraordinary and compelling reasons.  [Doc. No. 155.][1]  Government filed a response. [Doc. No. 168.]

    The defendant was sentenced on May 2, 2025, on two counts of Conspiracy to Distribute Controlled Substances and Possession of Cocaine with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), 846. [Doc. No. 136.]  After calculating the defendant's

---

[1] Defendant's motion was initially denied without prejudice due to failure to exhaust. [Doc. No. 156.] Defendant's request to reinstate her motion [Doc. No. 164] after satisfying the exhaustion requirement was granted.  [Do. No. 167.]

1

1  guidelines and considering the 3553(a) factors, the Court imposed a custodial sentence of
2  27 months per count to run concurrently.

3  As of this time, defendant has served just over six months, or a about a quarter, of
4  her custodial sentence. Defendant filed a motion for compassionate release asserting
5  extraordinary and compelling reasons, specifically family circumstances, USSG
6  §1B1.13(b)(3)(A) (incapacity of the caregiver of the defendant's minor child). She
7  requests her sentence be reduced to time served so she may be released "to care for her
8  special needs, 7-year-old son." [Doc. No. 155, at 2.]

9  Having reviewed the defendant's motion and her additional submissions [Doc. Nos.
10  155, 164, 165] and the relevant records in this case the Court denies the defendant's request
11  for reduction of sentence to time served.

12  Generally, a federal court may not modify term of imprisonment once it has been
13  imposed. 18 U.S.C. § 3582(c). A limited exception to this rule authorizes courts to grant
14  compassionate release when extraordinary and compelling reasons warrant a reduction in
15  sentence. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Wright*, 46 F.4th 938, 944 (9th Cir.
16  2022). It is a narrow and discretionary remedy. *Id.,* at 944-45.

17  A defendant must satisfy three requirements. First, the district court must determine
18  whether "extraordinary and compelling reasons" warrant a sentence reduction. Second,
19  the court must evaluate whether a reduction would be consistent with applicable policy
20  statements issued by the Sentencing Commission. Third, the court must consider and weigh
21  the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence
22  reduction is warranted under the particular circumstances of the case. *Wright*, 46 F.4th at
23  945.

24  If the defendant fails to satisfy any of these conditions, the court may deny
25  compassionate release. Id., at 947 (a court need not evaluate each step, a court may deny
26  compassionate release at any stage.) "If a defendant cannot show 'extraordinary and
27  compelling reasons' as defined in §1B1.13, then [she] is ineligible for compassionate
28  release." *United States v. Bryant*, 144 F.4th 1119, 1124 (9th Cir. 2025).

The relevant policy statement applicable in this case is USSG §1B1.13(b)(3)(A), which requires a showing that the caregiver of the defendant's minor child either died or is incapacitated and that she is the only available caregiver for the minor.

Defendant has a seven-year-old son with special needs. She contends she is needed to provide for his daily care and to take him to medical appointments two or three times a month. Defendant submitted a statement from her son's father indicating he is providing care for the child, but that it is a struggle without the defendant's assistance. [Doc. No. 164, at 3.]

The defendant's incarceration undoubtedly imposes substantial burdens on the father of defendant's son. The defendant has not however demonstrated that the minor's caregiver, his father, is incapacitated from providing for his son, or that there is no other caregiver available to tend to her son's needs. The Court recognizes that providing for the needs of defendant's son in her absence is a hardship, but it does not rise to the level of an extraordinary and compelling reason as set forth in the policy statements of the Sentencing Guidelines. Consequently, the defendant's family situation does not meet the circumstances set forth in USSG §1B1.13(b)(3)(A).

Further after considering the factors set forth in 18 U.S.C. §3553(a), including the seriousness of the defendant's offense of conviction, and the fact that she has served less than 25% of her custodial sentence, the Court finds that the defendant has not, at this time, established extraordinary and compelling reasons for a reduction in her sentence.

The defendant's motion is therefore DENIED.

**IT IS SO ORDERED.**

Date: November 18, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge